IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
- CORPUS CHRISTI DIVISION -

| | |
|---|---|
| **ROJELIO H. PORTER AND CONSUELO PORTER** § § § *Plaintiff,* § § v. § § **CHAPA GATE GUARD SERVICE, LLC, CHESAPEAKE ENERGY MARKETING, LLC** § § § *Defendants.* § | CIVIL ACTION NO.: _____ <br><br> **(JURY DEMANDED)** |

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiffs, Rojelio "Roger" H. Porter and Consuelo Porter and file this Collective Action Complaint individually and on behalf of all similarly-situated present and former gate guard workers ("Collective Members") employed during the three (3) year period prior to filing suit up to the present, and bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and show as follows:

### A. NATURE OF SUIT.

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants failed to pay Plaintiffs in accordance with the Fair Labor Standards Act. Employees whose jobs are governed by the FLSA are either "exempt" or "nonexempt." Nonexempt employees are entitled to overtime pay. Exempt employees are not. Despite being classified as "employees," Defendants paid Plaintiffs less than minimum wage. Defendants also did not pay them overtime. Later, in late December 2015, Plaintiffs, were intentionally mis-classified as "independent contractors" so as to make them "exempt" employees. This change in status was effective January 1, 2016. Consequently, Defendants failed to pay Plaintiffs at a rate of one and one-half times their regular rate of pay for hours worked in a workweek in excess of 40 hours.

3. By the conduct described in this Collective Action Complaint, Defendants have willfully violated the FLSA by failing to pay its Collective Members as required by law.

4. Plaintiffs seek to recover unpaid wages that Defendants owe them and similarly-situated current and former gate guard workers. They bring this action under the FLSA, 29 U.S.C. §§ 201 *et seq.*, on behalf of themselves and all similarly-situated current and former gate guard workers who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

## B. PARTIES.

5. Plaintiff Rojelio "Roger" H. Porter is an individual who was employed by Defendants within the meaning of the FLSA. Plaintiff's written consent to become a party plaintiff is attached as Exhibit "A."

6. Plaintiff Consuelo Porter is an individual who was employed by Defendants within the meaning of the FLSA. Plaintiff's written consent to become a party plaintiff is attached as Exhibit "B."

7. Plaintiffs bring this action on behalf of themselves and other similarly-situated current and former gate guard workers "("Collective Members") in similar positions regardless of their precise titles who were hired by Defendants.

8. Chapa Gate Guard Service, LLC (hereinafter "Chapa" or "Defendant") is a domestic corporation, existing under the laws of Texas, whose office address is P.O. Box 1586, George West, Live Oak County, Texas 78022. Throughout the relevant period, Chapa was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. § 203 (d), and was actively engaged in the conduct described herein.  Throughout the relevant period, Chapa employed Plaintiffs and similarly-situated employees ("Collective Members") within the meaning of the FLSA. Defendant may be served by serving its registered agent:

**ENDERICO CHAPA, JR.**
**1021 W. U.S. Highway No. 281, Unit 2**
**George West, Texas 78022**

9. Chesapeake Energy Marketing, LLC (hereinafter "Chesapeake" or "Defendant") is a foreign corporation, existing under the laws of Oklahoma, whose office address is 61000 N. Western Avenue, Oklahoma City, Oklahoma 73118.  Throughout the relevant period, Chesapeake was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. § 203 (d), and was actively engaged in the conduct described herein.  Throughout the relevant period, Chesapeake employed Plaintiffs and similarly-situated employees ("Collective Members") within the meaning of the FLSA.  Defendant may be served by serving its registered agent:

**CT CORPORATION SYSTEM**
**1999 Bryan St., Ste. 900**
**Dallas, Texas 75201-3136**

10. Chapa and Chesapeake are covered employers within the meaning of the FLSA. At all times relevant, Chesapeake and Chapa jointly employed Plaintiffs and Collective Members and applied the same systems and practices to Plaintiffs and all of the Collective Members.

11. At all times relevant, Chapa and Chesapeake each have annual gross volume of sales or business valued at over $500,000.

### C. JURISDICTION AND VENUE.

12. This Court has jurisdiction over this case under 29 U.S.C. § 216 (b) (FLSA actions "may be maintained against any employer... in any Federal or State court of competent jurisdiction, and under 28 U.S.C. § 1331 (federal question) because Plaintiffs plead a claim under the FLSA pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

13. Venue is appropriate in this District under 28 U.S.C. § 1391 (b) because Chapa resides in this District and does business within this district.

14. Defendant, Chesapeake, carries on substantial business in the District and has sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

### D. COVERAGE.

15. At all material times, Defendants acted, directly or indirectly, in the interest of employers with respect to Plaintiffs.

16. At all times hereinafter mentioned, Defendants are Plaintiffs' and the Collective Members' "employer" within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, Defendants are each an enterprise within the meaning of the Section 3 of the FLSA, 29 U.S.C. § 203.

18. At all times hereinafter mentioned, Defendants are each enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. At all times hereinafter mentioned, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## E. COLLECTIVE ACTION ALLEGATIONS

20. Plaintiffs bring this collective action under 29 U.S.C. § 216(b) to recover minimum wages, unpaid overtime wages, liquidated damages, and other damages on behalf of the following group:

> All daily-rate gate guard workers at the Dilworth Ranch, who, before January 1, 2016, during the maximum limitations period, who were classified as employees and were not paid a minimum wage as set forth under the FLSA and performed overtime work without receiving overtime. wages.

– + –

> All daily-paid gate guard workers at the Dilworth Ranch, who, after January 1, 2016, during the maximum limitations period, were wilfully and intentionally classified as "independent contractors" and paid less than a minimum wage and performed overtime work without receiving overtime wages.

21. Plaintiffs are Collective Members because they were daily-paid gate guard employees at the Dilworth Ranch who, during the maximum limitations period, were not paid overtime and were later classified as "independent contractors", paid less than minimum wage and performed overtime work without receiving overtime wages.

22. This action may be properly maintained as a collective action because:

    a. Defendants' unlawful conduct has been widespread, repeated and consistent;

    b. Plaintiffs and Collective Members were hired by Defendants to work at the Dilworth Ranch where Chesapeake had drilling rights;

    c. Chesapeake mandated Chapa, Plaintiffs and the Collective Members follow its company policies, practices and directives;

    d. Plaintiffs and Collective Members were earning less than the minimum wage;

    e. Plaintiffs and Collective Members were daily-rate paid employees;

    f. Plaintiffs and the Collective Members, by definition, all worked in excess of 40 hours per week;

    g. Defendants required, suffered or permitted Plaintiffs and Collective Members to work more than 40 hours per week without overtime pay;

    h. Defendants did not pay Plaintiffs and Collective Members, an overtime premium of one-and-one-half times their regular rate of pay for hours worked in excess of 40 hours per week;

    k. Defendants maintained common timekeeping systems and policies with respect to Plaintiffs and Collective Members;

    l. Defendants failed to record all the time actually worked by Plaintiffs and Collective Members;

    m. Defendants maintained records and/or other data showing that Plaintiffs and Collective Members worked more than 40 hours per week without any overtime pay; and

    n. Defendants engaged in a common scheme or requiring, suffering, or permitting Plaintiffs and Collective Members to work more than 40 hours per week without any overtime pay.

23. Plaintiffs estimate that, including current and former employees over the relevant period, there will be up to 50 Collective Members. The precise number of Collective Members should be readily available from Defendants' trucker logs, personnel, scheduling, time records.

### F. FACTUAL ALLEGATIONS

24. Plaintiffs were employed as gate guards at one of approximately twenty-five (25) gates at the 9,000 acre Dilworth Ranch. Based on information and belief, the mineral estate owner of the Dilworth Ranch had contracts with Defendant, Chesapeake, to drill for oil/gas on said premises, requiring 24 hour operation of gates and security of expensive oilfield specialty equipment. Defendant, Chesapeake, retained Chapa, which staffed the gates with Plaintiffs and the Collective Members, who, in turn, were responsible for opening and closing the gates for Defendant, Chesapeake's truck drivers and other security measures such as the completion gate access logs.

25. Plaintiffs and the Collective Members were "on call" throughout the night - 24 hours a day/7 days a week, responding to heavy oilfield truck and equipment traffic at a gate.

26. Plaintiffs and the Collective Members were directed to lived on the premises next to the gates at the Dilworth Ranch.

27. Until December 31, 2015, Plaintiffs and the Collective Members were classified as "employees."

28. Plaintiffs and the Collective Members were paid a daily rate.

29. Until December 31, 2015, Plaintiffs' and the Collective Members payroll checks would reflect federal withholdings.

30. Defendants then magically converted Plaintiffs and the Collective Members to "independent contractors" even though the terms and conditions of work remained identical.

31. Effective January 1, 2016, Plaintiffs and the Collective Members were now "independent contractors."

32. Plaintiffs and the Collective Members were paid a daily rate.

33. Plaintiffs and the Collective Members were directed to continue living on the premises next to the gates at the Dilworth Ranch.

34. At all times during their employment, Plaintiffs were erroneously treated as exempt employees for purposes of the FLSA, were paid daily rates for their work, and were not rightfully paid one-and-one-half times his regular rate of pay for hours worked in excess of 40 hours.

35. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and the Collective Members.

36. The FLSA requires employers to keep accurate time records of hours worked by nonexempt employees. See 29 U.S.C. § 211 ©.

37. Plaintiffs retained the Ruiz Law Firm, P.L.L.C./Raub Law Firm, P.C./Ben Guerra Law Office, P.L.L.C. to represent them in this litigation and have agreed to pay reasonable attorney's fees for its services. See Exhibits A and B.

## G. CAUSES OF ACTION:

**Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

38. Each and every allegation contained in the foregoing paragraphs 24-37, inclusive, is re-alleged as if fully rewritten herein.

39. During the relevant time period, Defendants violated the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. § § 206, 207 by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

40. Defendants owe Plaintiffs the difference between the rates actually paid and the applicable minimum wage and/or the proper overtime rates as unpaid or underpaid overtime wages.

41. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wage and overtime compensation with respect to Plaintiff. By failing to pay Plaintiffs their overtime compensation at one-and-one-half times their regular rates, Defendants continuously violated the FLSA's overtime provisions. 29 U.S.C. § 207(a)(1).

42. Defendants did not act in good faith nor did they have reasonable grounds for a belief that their actions did not violate the FLSA nor did it act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law; (b) FLSA, 29 U.S.C. § 201, et seq.; © Department of Labor Wage & Hour Opinion Letters; (d) the Code of Federal Regulations; or (e) past FLSA litigation.

43. Because Defendants' pay practices knowingly, willfully and/or recklessly violated the FLSA, Defendants owe these past wages.

44. Defendants' willfulness is exhibited by its actions in paying a daily rate and reclassifying employees as "independent contractors" and not keeping records of hours worked.

45. Defendants are aware of the requirements of the FLSA but refused to apply such requirements to Plaintiffs and, based upon reasonable belief, did the same to other similarly-situated employees or Collective Members.

46. Plaintiffs seek to certify a class.

### H. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for an Order:

a. Requiring Defendants to file with the Court and provide to Plaintiffs' counsel a list of all names and current (or best known) home addresses and e-mail addresses of all hourly-paid gate guards at the Dilworth Ranch who, during the maximum limitations period, were paid daily rates (as employees) and were later classified as "independent contractors" on January 1, 2016, performed work without receiving applicable minimum wage and overtime wages for such work.

b. Authorizing Plaintiffs' counsel to issue a notice informing the Collective Members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

c. Finding that Defendants willfully violated the applicable overtime provisions of the FLSA by failing to pay all required wages to Plaintiffs and the Collective Members;

d. Granting judgment in favor of Plaintiffs and the Collective Members on their FLSA claims;

e. Awarding compensatory damages to Plaintiffs and the Collective Members in an amount to be determined;

f. Awarding the full amount of liquidated damages allowed by the FLSA to Plaintiffs and the Collective Members;

g. Awarding pre-judgment and post-judgment interest to Plaintiffs and the Collective Members;

h. Awarding all costs and reasonable attorney's fees incurred prosecuting this claim;

i. Awarding reasonable incentive awards to compensate Plaintiffs for the time and effort spent protecting the interest

      of other Collective Members and offset the risks they accepted by initiating the lawsuit;

j.    Enjoining Defendants from continuing the unlawful practices described in this Complaint;

k.    Awarding any further relief the Court deems just and equitable; and

l.    Granting leave to add additional Plaintiffs by motion, the filing of written consent forms, or other method approved by the Court.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury in the above-captioned matter.

Respectfully submitted,

**RUIZ LAW FIRM, P.L.L.C.**
118 W. Pecan
McAllen, Texas 78501
Telephone:   (956) 259-8200
Telecopier:   (956) 259-8203


     /s/ Mauro F. Ruiz
Mauro F. Ruiz
State Bar No. 24007960
Federal ID No. 23774
mruiz@mruizlaw.com

Mr. Benjamin R. Guerra
State Bar No. 24055600
Federal ID No. 896928
**BEN GUERRA LAW OFFICE PLLC**
902 E. Tyler Ave.
Harlingen, Texas 78550
Telephone:  (956) 428-0300
Telecopier:  (956) 428-0332
E-mail: bguerra@benguerralaw.com

Mr. Timothy Raub
State Bar No. 00789570
Federal ID No. 22942
**RAUB LAW FIRM, P.C.**
814 Leopard Street
Corpus Christi, Texas 78401
Telephone: (361) 880-8181
Telecopier: (361) 887-6521
E-mail: timraub@raublawfirm.com

**ATTORNEYS FOR PLAINTIFF**